SELSER BROS. COMPANY v. MINNEAPOLIS COLD-STORAGE COMPANY.

June 29, 1899.

Nos. 11,657—(212).

**Factor—Negligence—Findings Sustained by Evidence.**
Evidence considered, and *held* sufficient to sustain the findings of the trial court.

**Practice—Amendment of Record—Stipulation.**
Certain matters of practice considered and disposed of.

Action in the district court for Hennepin county to recover $879.15 damages for defendant's negligence in handling a consignment of lemons and onions. The case was tried before Johnson, J., and a jury, which rendered a verdict in favor of plaintiff for $778; and from an order, Brooks, J., denying a motion for a new trial, defendant appealed. Affirmed.

*Merrick & Merrick*, for appellant.

*Taylor & Edwards*, for respondent.

BUCK, J.[1]

Two causes of action are set forth in the complaint, but when the case was called for trial the defendant moved the court that it compel the plaintiff to elect upon which cause it would proceed. The motion was granted, and plaintiff elected to stand upon the second cause of action.

[1] MITCHELL, J., absent.

The principal question involved is whether the findings of the trial court are justified by the evidence.

The findings of fact, briefly stated, are that each party is a corporation, and in 1896 the plaintiff was engaged in business in the city of Philadelphia, in the state of Pennsylvania, as a wholesale dealer in fruit, and in the same year the defendant was, in the city of Minneapolis, in this state, engaged in the business of handling and dealing in fruit as a broker or commission merchant, and during the same time owned and there operated and carried on a cold-storage plant, with John W. Stevens as general manager; and in said year the defendant, through said manager, solicited of plaintiff the shipment and consignments of fruits, including lemons, to it, as broker or commission merchant, representing to plaintiff that, from its experience in the handling of lemons and fruits, it had superior knowledge of such business, and had superior advantages in caring for and selling such merchandise (also including onions), and was able to and would handle and sell at a profit to plaintiff any such shipments; and, induced thereby, the plaintiff did in the months of May and June, 1896, ship and consign to defendant a certain number of boxes of lemons and sacks of Egyptian onions, which were duly received by defendant at Minneapolis, not for storage, but for sale, on their arrival or promptly thereafter, pursuant to an express agreement, and that such as were not so sold were to be kept in good salable and merchantable condition, in cold storage, for which defendant should have and receive as compensation a brokerage or commission of 10 per cent. upon sales thereof, and 8 cents per box per month for storage of the lemons,—cold storage not being necessary or desirable, of which fact defendant had due knowledge.

The defendant did not sell a large amount of said lemons and onions on arrival, nor as promptly as it had agreed to do, and did not use due and proper diligence in attempting to do so, but unreasonably delayed selling them, and carelessly and negligently cared for and handled the same, contrary to this agreement and to plaintiff's instructions, whereby the lemons deteriorated in value, and became unsalable and unmerchantable and worthless, and the onions became of no value, without the fault of the plaintiff, to its

damage in the sum of $778, with interest, for which judgment was entered accordingly. Defendant appeals.

There are some 78 exhibits found in the settled case,—mostly letters relating to the business between the parties and the manner in which it was being conducted, and out of which grew the agreement between the parties, and upon which the trial court found the defendant liable. While we have carefully examined the oral evidence and exhibits, we decline to enter into an analytical examination and place the same in this opinion, as we deem it unnecessary. We deem it sufficient to say that in our opinion the evidence supports the trial court's findings of fact, and the findings of fact sustain the conclusions of law.

The witness Stevens, who was the general manager for the defendant, testified as follows:

"I wrote to the different town buyers, quoting them prices, and offered them to the wholesale fruit houses, and tried to get them to come over and buy them; * * * offered to give them long time, and take their acceptance, payable in 60 days."

The plaintiff moved to strike out this evidence. The motion was granted, and defendant excepted. This evidence was undoubtedly competent, as having a direct bearing upon the conduct of the defendant in its effort to comply with its contract in selling the fruit as promptly as possible; but, subsequent to the trial, the parties, by written stipulation, struck out from the record all of said evidence, the objection, and the exception, and inserted instead thereof the following:

"Q. What effort did you make, Mr. Stevens, to sell the last three car loads of lemons? (Objection as immaterial,—been over it on cross-examination,—and exception by plaintiff.) A. I made every effort possible to sell them, from the time they came in until they were so poor that we could not sell them at all. (Plaintiff moves to strike out the answer of the witness, as indefinite and as stating his opinion.) The Court: I think it is a conclusion. Q. What do you mean by 'every effort possible'? A. I wrote to different town buyers, quoting them prices, and offered them to the wholesale fruit houses, and tried to get them to answer and buy them. Telephoned them, and offered to give long time, and take their acceptance, payable in 30 to 60 days, and made every inducement that I possibly could to get the people to buy. (Plaintiff moves to strike that out.

Granted, so far as his stating he made every inducement possible. Plaintiff moves to strike out the witness' entire answer on the ground that no notice of this motion was ever received by plaintiff. Denied. Exception by plaintiff. Plaintiff then moved to strike out the statement of witness that he quoted prices and offered terms. Motion granted.) Mr. Merrick: He says that he wrote to outside parties. You strike that out? The Court: Yes."

Conceding that the evidence, or part of it, stricken out, was competent, yet it does not appear that there was any exception to this ruling. The stipulation provided that the record so amended should stand, and be and may be read, used, and considered at the hearing in this court the same as if same had been so returned and so printed in the first instance; the failure in this respect being purely inadvertent, such amendment being the minutes of the court reporter of the trial. While the parties had no strict legal right to amend the record, and we do not approve of such practice, yet we think that the appellant's attorney by his conduct waived his right to insist upon the original exception, and he must abide the consequences of the stipulation, and the omission therefrom of the exception.

No error appearing in the record, the order denying defendant's motion for a new trial is affirmed.